Compiler of the law library

IN THE SUPERIOR COURT OF GUAM

FILED

2013 FEB -? ?M 10: 49

SUPERIOR COURT OF GUAM



| | | |
|---|---|---|
| ROSARIO S. BAUTISTA AND MANUEL C. SHOLING, | ) ) ) | CIVIL CASE NO. CV0471-07 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres, Deceased, and PETER F. PEREZ, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | DECISION AND ORDER Gloria C. Sholing's Motion to Dismiss |
| DANIEL U. TORRES AND BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTEBAN TORRES FAMILY TRUST DATED MAY 12, 1995, | ) ) ) ) ) | |
| Plaintiff Intervenors, | ) ) | |
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| GLORIA C. SHOLING, | ) ) | |
| Third-party Defendant. | ) ) ) | |

FILED

2013 MAY 31 AM 10: 45

SUPERIOR COURT OF GUAM

THIS MATTER came before the Court on Gloria C. Sholing's Motion to Dismiss, filed May 28, 2010. The Court held a hearing on July 27, 2010. Attorney Joyce C.H. Tang appeared for the third-party defendant, Gloria C. Sholing ("Defendant Gloria"). Attorney Daniel Berman

1

appeared for the plaintiff intervenors, Daniel U. Torres, an individual, and Barbara M. DeMello, as trustee of the Esteban Torres Family Trust dated May 12, 1995 (collectively, "Plaintiff Intervenors").

## FACTUAL ALLEGATIONS

The following is a summary of the allegations contained in Plaintiff Intervenors' Complaint in Intervention:

On October 15, 1987, the late Jesus U. Torres executed the Property Management and Retainer Agreement ("1987 Agreement") with the late Ana Sholing. *See* Complaint in Intervention ¶ 5 ("Complaint"). Plaintiff Intervenors are heirs of the Estate of Jesus U. Torres. *See id.* ¶10. Defendant Gloria[1] and the other defendants named in the Complaint are heirs of the Estate of Ana Sholing. *Id.* ¶ 9.

The 1987 Agreement required "the payment of 10% of the rent received in exchange for services rendered by Jesus U. Torres concerning the lease and management of the Pacific Islands Club Guam property." *Id.* ¶ 5. Prior to Jesus Torres' death in 2002, he performed all duties required of him under the 1987 Agreement. *Id.* ¶ 6. The late Ana Sholing honored the 1987 Agreement from the date it was executed and until she passed away in 2005. *Id.* ¶¶ 7-8. She was survived by her heirs, the defendants. *Id.* ¶ 9.

Plaintiff Intervenors allege that defendants breached the 1987 Agreement by failing to honor the agreement and for refusing to remit payments owed under the 1987 Agreement to the Estate of Jesus U. Torres ("Torres Estate"). *Id.* ¶¶ 12-17. Plaintiff Intervenors claim that, since

---

[1] Because there is another Defendant Sholing (i.e. Manuel C. Sholing) in this decision, Defendant Gloria Sholing will be referred to as "Defendant Gloria".

2

they have a vested interest in the payments owed to the Torres Estate, defendants are liable to Plaintiff Intervenors for failing to honor the 1987 Agreement. *Id.* ¶¶ 18-21.

Plaintiff Intervenors maintain that they have a vested interest in monies owed under the 1987 Agreement. *Id.* ¶ 11. They allege that "the Superior Court of Guam approved a settlement agreement between Plaintiff Intervenors and all the other heirs of the Estate of J. U. Torres, whereby the Plaintiff Intervenors received a partial distribution and are entitled directly to 30% of all assets of the Estate of Jesus U. Torres, including but not limited to, their respective 30% share of the 10% of the Sholing rent receipts." *Id.* ¶ 10. "Under the Order of the Court that approved settlement agreement, Plaintiff Intervenors have a vested interest in 30% of all monies due to the Estate of Jesus U. Torres under the Agreement." *Id.* ¶ 11.

## PROCEDURAL BACKGROUND

On May 28, 2010, Defendant Gloria filed her Motion to Dismiss, pursuant to Rule 12(c) and 19, arguing that the Complaint should be dismissed because: (1) Plaintiff Intervenors do not have standing to file and maintain their breach of contract action; and (2) in the alternative, Plaintiff Intervenors failed to join all necessary and indispensable parties. *See* Def.'s Mot. to Dismiss, filed May 28, 2010 ("Motion").

With respect to her lack of standing argument, Defendant Gloria claims that Plaintiff Intervenors lack standing because, under Section 2205 of the Guam Probate Code, the Complaint should have been filed by the personal representative of the Torres Estate. *Id.* at 2-5. Section 2205 only authorizes heirs of an estate to file claims for the possession of estate *real* property, and not estate *personal* property. *See id.*

Defendant Gloria also argues that, even if Plaintiff Intervenors have standing, the Complaint should still be dismissed because they failed to join necessary and indispensable

parties - the Torres Estate and the other heirs of the Torres Estate. *See* Motion, pp. 5-7. *Id.* at 6. Since Plaintiff Intervenors are only seeking to collect their 30% share of what is allegedly owed under the 1987 Agreement, allowing them to proceed without the absent parties would likely subject Defendant Gloria to a multiplicity of suits and inconsistent judgments. *Id.*

Plaintiff Intervenors filed their Opposition to Motion to Dismiss on July 13, 2010. *See* Pl. Intervenors' Opp'n to Mot. to Dismiss Re: Standing, filed July 13, 2010 ("Opposition Motion"). They contend that standing exists pursuant to the Superior Court's decision in *Baza v. Pacific et al.*, CV0625-05, because they, as heirs of the Torres Estate, acquired a vested ownership interest in the estate property at the time Jesus Torres passed away. *Id.* at 6-7. They further argue that prior court orders that were filed on December 17, 2009 and February 26, 2009 are law of the case, so Defendant Gloria is prohibited from re-litigating any issue previously resolved by this Court. *Id.* at 7. The December 17, 2009 Order granted Plaintiff Intervenors' request for intervention in this case. *Id.* at 8. The February 26, 2009 Order stated that: "The Court holds that the affirmative defenses raised by the Heirs and Executor - statute of limitations; waiver; equitable estoppel; and laches are more properly heard and decided by the Superior Court in <u>Rosario S. Bautista and Manuel C. Sholing v. Francisco Torres, et al.</u>, Civil 0471-07; <u>citing</u> <u>In Re Joslin's Estate</u>, 332 P.2d 151, 159 (1959). (emphasis added)." *Id.* Plaintiff Intervenors also raise concerns as to whether the Torres Estate is receiving adequate representation with respect to the collection of monies allegedly owed to the estate. *Id.* at 9.

With regard to Defendant Gloria's position regarding the failure to join necessary and indispensable parties, Plaintiff Intervenors maintain that: (1) Defendant Gloria could amend her pleadings to include the additional parties, which they claim she has already done; (2) Defendant

4

Gloria has no further claims to make against any other party; and (3) all necessary parties are involved because the Torres Estate and Francisco Torres are already joined. *Id.*

In Defendant Gloria's Reply to the Opposition Motion, she states that Plaintiff Intervenors' reliance on *Baza* is misplaced because "*Baza* clearly states that 15 G.C.A. § 2205 (a) applies *exclusively* to an heir's right to possession of *real property* ...." *See* Gloria Sholing's Reply Mem. in Supp. of Mot. to Dismiss, filed July 20, 2010 ("Reply"), at 2 (citing *Baza*, CV0625-05, at 6). Defendant Gloria also maintains that, according to the settlement agreement that Plaintiff Intervenors had executed in the Torres Estate probate case, Plaintiff Intervenors waived their right to bring this claim on behalf of the Torres Estate. *See id.* at 3. Furthermore, Defendant Gloria claims that standing was not established as law of the case because the Court did not previously consider the issue of standing. *Id.* at 4. Defendant Gloria stated that, even if the standing issue was decided by implication, this Court is not precluded from reconsidering the issue because standing is a jurisdictional issue and she did not previously have the opportunity to raise the issue. *Id.* at 8-9.

## LAW REGARDING DISMISSAL UNDER RULE 12(c)

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Guam R. Civ. P. 12(c). A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties. *See Kruzitis v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994) ("Under Rule 12(c), we will not grant judgment on the pleadings unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.") (internal quotation marks omitted).

5

The legal standard for Rule 12(c) is virtually identical to the standard for a Rule 12(b)(6) motion to dismiss. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The Court must assume that the Plaintiff Intervenors' allegations are true and must draw all reasonable inferences in their favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Granting a Rule 12(c) motion would be proper "'when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" *Ada v. Guam Telephone Authority*, 1999 Guam 10 ¶ 9 (quoting *Merchants Home Delivery Serv. Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995)).

If, on a Rule 12(c) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Guam R. Civ. P. 12(c). In rendering this decision, the Court reviewed the pleadings and briefs (including the documents referenced therein) that were filed by the parties.

## ANALYSIS

"Standing is a component of subject matter jurisdiction, and is a threshold jurisdictional matter ...." *Guam Election Comm'n v. Responsible Choices for All Adults Coal.*, 2007 Guam 20 ¶ 26 (citing *Taitano v. Lujan*, 2005 Guam 26 ¶ 15). Thus, this Court "has no subject matter jurisdiction to hear a claim when a party lacks standing." *Id.*; *Taitano*, 2005 Guam 26 ¶ 15. "The question of standing to sue goes to the existence of a cause of action against the defendant." *Taitano*, 2005 Guam 26 ¶ 15 (citing *Parker v. Bowron*, 254 P.2d 6, 9 (Cal. 1953); *Common Cause v. Bd. of Supervisors*, 777 P.2d 610, 613-14 (Cal. 1989)).

6

Defendant Gloria contends that the Complaint should be dismissed because Plaintiff Intervenors, as heirs of the Torres Estate, do not have standing under Section 2205 of the Guam Probate Code to file claims for the possession of estate personal property. *See* Motion, at 2-5. Section 2205 states:

> (a) Except as otherwise provided in Section 2207 of this Title, the personal representative shall take into his possession all the estate of the decedent, real and personal, and collect all debts due to the decedent or to the estate; and the personal representative is entitled to the possession of all the real and personal property of the decedent, and to receive the rents, issues and profits thereof until the estate is settled or until delivered over by order of the Superior Court of Guam to the heirs, devisees or legatees.
>
> . . .
>
> (c) Notwithstanding the provisions of subsection (a) of this Section, after the time to file or present claims has expired the personal representative is not entitled to recover the possession of any property of the estate from any heir who has succeeded to the property in such heir's possession, or from any devisee or legatee to whom the property has been devised or bequeathed, or from the assignee of any such heir, devisee or legatee, unless the personal representative proves that the same is necessary for the payment of debts or legacies, or of the expenses of administration already accrued, or for distribution to some other heir, devisee or legatee entitled thereto.
>
> (d) Any of the heirs or devisees may themselves, or jointly with the personal representative, institute and maintain an action for the possession of the real property, or for the purpose of quieting title to the same, against any one except the personal representative, but they are not required to do so.
>
> . . .

15 G.C.A. § 2205.

Since Subsection (a) of Section 2205 is comparable to Section 571 of California's former Probate Code and Subsections (c) and (d) of Section 2205 are similar to the language contained in Section 581,[2] we look to California cases for guidance. *Zahnen v. Limtiaco*, 2008 Guam 5 ¶

---

[2] Section 581 was repealed in 1987. Part of Section 581 previously read:

> '* * * The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real property, or for the purpose of quieting title to the same, against anyone except the executor or administrator; but they are not required so to do.'

7

17 (citing *People v. Angoco*, 2007 Guam 1 ¶ 52 n. 4)) ("Because the Guam Legislature enacted a probate code substantially similar to the California Probate Code in 1953, we look to California case law for interpretation." ); *see People v. Hall*, 2004 Guam 12, ¶ 18 (finding that California case law interpreting a California statute from which a Guam statute was derived is persuasive authority, and adopting such case law "absent a compelling reason to deviate.").

In California, it has long been settled that actions for personal property "must be brought by the executor or administrator of the estate." *Rogers v. Bank of America National Trust and Savings Association*, 140 Cal. App. 2d 228, 232, 294 P.2d 959, 961 (1st Dis. 1956) (citations omitted); *see Manti v. Gunari*, 5 Cal. App. 3d 42, 446-47 (1st Dist. 1970) ("Only the duly qualified executor or administrator may being [sic] an action for recovery of personal property") (citations omitted). "Only in exceptional circumstances when the representative of the estate cannot or will not act or obstructs the action, may such action be brought by heirs." *Id.* (citation omitted). As the court in *Hall v. Alexander* stated:

> Section 581 of the Probate Code provides that the executor or administrator is entitled to the possession of all real or personal property of the decedent, and section 573 authorizes such personal representative to institute action for the recovery of any property, real or personal, or for the possession thereof, or to determine any adverse claim thereon, and provides further, that all actions founded upon contracts may be maintained by or against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates. These sections and the provisions of others pertinent to the subject contemplate that transfers of property of deceased persons shall be effected by means of administration under the control and orders of the probate court, acting under and pursuant to provisions of law designed to

---

*Wolfson v. Beatty*, 118 Cal. App. 2d 392, 396-97, 257 P.2d 1017 (2d Dist. 1953) (quoting Section 581 of California's former Probate Code). The above language, however, was broadened in Section 9654 "to apply to personal property as well as to real property." Law Revision Commission Comment to Cal. Prob. Code., § 9654. It now reads: "The heirs and devisees may themselves, or jointly with the personal representative, maintain an action for possession of property or to quiet title to property against any person except the personal representative." Cal. Prob. Code § 9654. The Guam Legislature has not made such an amendment.

protect the rights and interests, not only of the estate of the decedent, but of all persons interested therein, whether creditors, claimants, heirs, or legatees. To restrict the bringing of an action such as the one now before us to an heir would lead to inevitable confusion and inconvenience.

. . .

As was said in *Grattan v. Wiggins*, 23 Cal. 16 (quoting from the syllabus: "A debt due to the intestate is a personalty, and does not descend to the heir like realty, but vests in the administrator, who has the sole right to maintain actions to collect the same." To this point the case was cited with approval in *Robertson v. Burrell*, 110 Cal. 568, 42 P. 1086, 1088, where the court says: "Nor can the heir, by any act of his own, strip the representative of any of his rights, nor relieve him from the performance of any of his duties. The heir may sell his interest, but the administrator still has control of the property sold for the payment of debts, and the general purposes of administration. The heir cannot bring an action to enforce payments or collect debts. * * * And, even when he attempts to do so by suing in his individual capacity and as executor, the right of action not being in both, but in the executor alone, a demurrer will be sustained." To the same effect is *Buchanan v. Buchanan*, 75 N.J.Eq. 274, 71 A. 745, 22 L.R.A. (N.S) 454, 138 Am. St.Rep. 563, 20 Ann. Cas. 91, where it is held that the next of kin of a decedent have no standing in a court of law or equity to maintain an action for the recovery of property alleged to belong to the estate of their decedent. This action, therefore, could be maintained only by the qualified personal representative of the decedent.

18 Cal. App. 2d 660, 662-63, 64 P.2d 767, 767-68 (2d Dis. 1937) (emphasis added).

Since Plaintiff Intervenors' action is for the possession of estate *personal* property (i.e. money owed under the 1987 Agreement), Section 2205 of the Guam Probate Code does not confer standing on Plaintiff Intervenors. Plaintiff Intervenors also have not alleged any exceptional circumstance that would allow them to bring forth an action for estate personal property. Therefore, since Section 2205 does not confer standing on Plaintiff Intervenors.

Plaintiff Intervenors' reliance on *Baza's* interpretation of Section 2205 is misplaced. The issue in *Baza* was whether the plaintiff had standing to file and maintain an action for estate *real* property, not estate personal property. The court in *Baza* did not address the applicability of Section 2205 to actions by heirs for the possession of estate *personal* property. Therefore, *Baza* does not apply.

9

With regard to Plaintiff Intervenors' argument regarding the applicability of the law of the case doctrine to the issue of standing, the Court finds that the doctrine does not apply. It is well settled that the doctrine applies to issues explicitly decided as well as those decided by necessary implication. *See Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005) (quoting *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir. 1984)). Defendant Gloria, nevertheless, correctly stated that the doctrine is not applicable to the issue of standing in this case because the issue was never addressed by this Court prior to Defendant Gloria's filing of her Motion. The issue that was previously presented to the Court was whether Plaintiff Intervenors could intervene in this case, not whether they had standing to maintain a breach of contract action against Defendant Gloria. Although Plaintiff Intervenors were allowed to intervene, they are still required to establish that they have standing to file and maintain their breach of contract action. *See Comrie v. Enerasys Networks, Inc.*, No. Civ. A. 19254, 2004 WL 293337, at *2, n. 14 (Del. Ch. Feb. 17, 2004) ("The implication of guaranteeing intervention is that the defendants would not waive any potential defenses, including a standing defense."); *see also Hausmann v. Farmers Ins. Exchange*, 213 Cal. App. 2d 611, 615, 29 Cal. Rptr. 75, 78 (2d Dis. 1963) (citing *Moran v. Bonynge*, 157 Cal. 295, 107 P. 312) ("When the intervener is admitted, the pleading which he presents and files must state facts sufficient, if true, to establish the right or interest which he claims, or else he has no standing in court as a litigant if proper objection is made.").

For the reasons stated above, Plaintiff Intervenors lack standing. This being so, the issue raised by Defendant Gloria as to whether Plaintiff Intervenors failed to join necessary and indispensable parties is moot.

## CONCLUSION

Therefore, Defendant Gloria's Motion to Dismiss is GRANTED and the Complaint in Intervention is DISMISSED.

May 30, 2013.

_Katherine A. Maraman_
HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the Office of the
Clerk of the Superior Court of Guam.
Dated at Hagatna, Guam.

MAY 3 1 2013

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

11